**Scot B. HUTCHINS, Appellant,**

v.

**Ruth Ann COMPTON, Appellee.**

**No. 05–FM–1065.**

District of Columbia Court of Appeals.

Argued Feb. 7, 2007.

Decided March 1, 2007.

---

Scot B. Hutchins argued the cause and filed a reply brief, *pro se*.

Francis D. Carter and Lisa L. Barclay, Washington, filed the principal brief, for appellant.

Jonathan M. Dana, with whom Eric H. Singer and Sarah J. Zimmerman were on the brief, Washington, for appellee.

Before REID and FISHER, Associate Judges, and SCHWELB, Senior Judge.

FISHER, Associate Judge:

This is an appeal from an order of the Superior Court regarding custody of the parties' daughter. Finding no abuse of discretion, we affirm.

## I.

Judge Byrd heard testimony in this case over the course of five days before he orally delivered his findings of fact, conclusions of law, and order for custody in open court on April 21, 2005. Shortly thereafter, he issued a written order giving physical custody of the child, L., to Ms. Compton each week from Sunday night to Thursday after school, and every other weekend. The order gave Mr. Hutchins physical custody of L. every other weekend, and every Thursday night and Friday morning prior to school. Both parties were given the power to choose extracurricular activities for their daughter and to attend class events and school activities. The court awarded Mr. Hutchins custody of L. for half of the month of August and gave each parent an equal amount of time with her during holidays and school vaca-

tions. The court further concluded that it was in the best interest of the child to be in the joint legal custody of both parents, "with final decision-making authority granted to [Ms. Compton] in the areas of health and education."

## II.

Appellant Hutchins argues that the trial court abused its discretion by awarding "sole physical custody" of L. to appellee Compton. He claims that the court: (1) ignored the statutorily-created "rebuttable presumption that joint custody is in the best interest of the child," D.C.Code § 16–914(a)(2) (2001); (2) improperly relied, to the exclusion of other statutory factors, on the parties' inability to communicate and make decisions; and (3) erred by finding that the parties are unable to communicate and make decisions.

Before addressing these claims, we pause to make an observation about vocabulary. The trial court used the term "sole physical custody," but other courts and commentators might well have described this arrangement as "joint physical custody." The Court of Appeals of Maryland aptly described this area of law as "unfortunately afflicted with significant semantical problems." *Taylor v. Taylor*, 306 Md. 290, 508 A.2d 964, 966 (1986). The practical difference between arrangements that are variously labeled as "sole physical custody with rights of visitation" and "joint physical custody" is often imperceptible. *See Ysla v. Lopez*, 684 A.2d 775, 778 n. 3 (D.C.1996) (quoting *Taylor*, 508 A.2d at 967) ("there is no difference between the rights and obligations of a parent having temporary custody of a child pursuant to an order of shared [or joint] physical custody, and one having temporary custody pursuant to an award of visitation"). The legislative history of D.C.Code § 16–914 (2001), shows that the Council of the Dis-

trict of Columbia specifically refrained from defining the terms "sole physical custody" or "joint physical custody," intending to maximize the trial court's "flexibility in determining which type of custodial arrangement would be in the child's best interest." COUNCIL OF THE DISTRICT OF COLUMBIA, COMMITTEE ON THE JUDICIARY, REPORT on Bill 11–26, THE "JOINT CUSTODY OF CHILDREN ACT OF 1995," at 4 (October 25, 1995).

Although Mr. Hutchins claims that the trial court abused its discretion by awarding Ms. Compton "sole physical custody" rather than "joint physical custody," we believe the arrangement ordered by the court "provides for frequent and continuing contact between each parent and [L.] and for the sharing of responsibilities of child-rearing and encouraging the love, affection, and contact between [L.] and the parents." D.C.Code § 16–914(a)(2). Commentators and courts have described "joint physical custody" broadly to include arrangements similar to the one ordered in this case. *See Taylor*, 508 A.2d at 967 ("[joint] physical custody may, but need not, be on a 50/50 basis, and in fact most commonly will involve custody ... divi[ded] between weekdays and weekends, or between days and nights"); *see also* 1 JEFF ATKINSON, MODERN CHILD CUSTODY PRACTICE § 6–5 (2d ed.2005) (it may be said that parents share "joint physical custody" where child resides primarily with one parent and resides with the other parent as part of a traditional visitation schedule (such as every other weekend and shared vacations) and spends additional time, such as dinners and overnight visits during the week). As the Council intended, the Superior Court exercised its discretion in determining the best interest of the child and in crafting a custody arrangement that allows both parents to have a "meaningful relationship" with L.

■ Appellant properly notes that we will only reverse a trial court's order regarding child custody "upon a finding of manifest abuse of discretion." *Dumas v. Woods*, 914 A.2d 676 (D.C.2007). "Trial court rulings come to us with a presumption of correctness." *In re C.T.*, 724 A.2d 590, 597 (D.C.1999). "Absent any indication to the contrary, we presume that the trial judge knew the proper standard of proof to apply and did in fact apply it." *Id.See also Wright v. Hodges*, 681 A.2d 1102, 1105 (D.C.1996). Judge Byrd's remarks, in both his oral and written findings, indicate that he analyzed the evidence with the presumption in favor of joint custody in mind. Contrary to appellant's assertions, the trial court's oral findings and written order, considered in combination, adequately discussed "the specific factors and findings which justif[ied] [the] custody arrangement." D.C.Code § 16–914(j). There is ample evidence in the record to justify the court's conclusion that this arrangement for physical custody was in the best interest of the child.

### III.

■ Mr. Hutchins also argues that the trial court abused its discretion by awarding joint legal custody to the parties while giving final decision-making authority with respect to health and education to Ms. Compton. In *Ysla*, we held that where a trial court has awarded joint legal custody, in "areas where communication and cooperation have proven difficult, ... decision-making could be committed to the discretion of a single parent." *Ysla*, 684 A.2d at 782. *See also Shenk v. Shenk*, 159 Md. App. 548, 860 A.2d 408, 414–15 (2004) (trial court did not abuse its discretion when it ordered joint legal custody but created a "tie-breaker" provision that gave the mother final decision-making authority over issues relating to the children's welfare). Judge Byrd had the authority to award this form of joint legal custody, and his decision to do so was supported by evidence in the record.

### IV.

■ Finally, Mr. Hutchins argues that the trial court abused its discretion by refusing to admit his rebuttal evidence. The decision to allow rebuttal evidence is within the sound discretion of the trial court and will be reversed only where there is an abuse of that discretion. *See Cooper v. Safeway Stores, Inc.*, 629 A.2d 31, 35 (D.C.1993). The trial court may exclude proffered rebuttal evidence that should have been offered in the party's case-in-chief. *See George Washington Univ. v. Lawson*, 745 A.2d 323, 327 (D.C. 2000) (citing *Cooper*, 629 A.2d at 35) (where evidence "would be cumulative of the case in chief, the trial court may disallow it as surplusage"). When Mr. Hutchins sought to present photographs of his home and L.'s living arrangements there, he was merely seeking to supplement the evidence he presented in his case-in-chief and not attempting to rebut evidence presented by Ms. Compton. The trial court did not abuse its discretion by excluding this evidence.

The judgment of the Superior Court is hereby

*Affirmed.*